COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

MARIA J. LANG

                                      MEMORANDUM OPINION[*]
v.    Record No. 2193-96-4               PER CURIAM
                                         APRIL 8, 1997
MICHAEL A. LANG


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 William G. Plummer, Judge Designate

            (Drake T. Brodin, on brief), for appellant.

            (Dana James Carlson; Catherine M. Bowers;
            Duvall, Harrigan, Hale & Hassan, on brief),
            for appellee.


     Maria J. Lang appeals the decision of the circuit court

denying her motion to allow her to move to Spain with the

parties' three minor children.  The father, Michael A. Lang,

opposed the motion.  Mother contends that the trial court erred

by (1) failing to consider the precedent of Simmons v. Simmons, 1

Va. App. 358, 339 S.E.2d 198 (1986), and Scinaldi v. Scinaldi, 2

Va. App. 571, 347 S.E.2d 149 (1986), and (2) failing to properly

weigh the evidence.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

     "On appeal, we review the evidence in the light most

favorable to the prevailing party below.  'The trial court's

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it.'" Hughes v. Gentry, 18 Va. App. 318, 321-22, 443 S.E.2d 448, 451 (1994) (citations omitted). "It is well settled in Virginia that the best interests of the children controls . . . the issue of a custodial parent moving the children to another state." Simmons, 1 Va. App. at 362, 339 S.E.2d at 200.

As the party seeking to modify the existing visitation arrangement, mother bore the burden to prove the modification was in the children's best interests. Mother argued that, due to unforeseen circumstances, her financial situation had worsened. She also contended that a move to Spain would allow the children to reunite with their maternal grandmother, to know extended family members of both parents, and to benefit from a multicultural and bilingual experience. Mother acknowledged that father's visitation would decrease but argued that the children could still maintain a close relationship with father.

Father argued that the children's lives would be disrupted by the move and that he would be unable to maintain his close beneficial relationship with them.

The trial judge ruled that the proposed move would be "a major disruption" in the children's lives. The trial judge also found the evidence of the claimed benefits to be insufficient, particularly as to the educational opportunities available for

2

the children.  The trial judge further found as follows:

> [The father] has had a very loving and very constructive relationship with his children which has continued week to week.  I mean, every week there is some influence of the father on the children and guidance given to the children when he's not traveling.  I believe that that relationship with their father continuing in that intense manner is much more important than developing a relationship with a whole extended family of the mother in Spain who these children don't really know.

In addition, the evidence proved that mother had no exigency requiring her to move and that she would not move to Spain without the children.  Upon that evidence, the trial judge found that the denial of her motion "means that the children will have the continuing benefit of the love and care of both parents, which I think is paramount in their development and in their favor."

Mother contends that the trial judge failed to consider Simmons and Scinaldi.  Although those cases are distinguishable, we find no evidence that the trial judge failed to consider the pertinent factors discussed in those cases.  This Court in Simmons noted the following:

> The relationship between parent and a

> developing child, no matter how close, affectionate or demonstrative, naturally suffers as the distance between the two increases. As such, questions of custody and removal from the noncustodial parent's state of residency involve a balancing of interests. More often than not there are advantages and detriments on both sides of the issue. A trial court's role is to weigh those concerns and conscientiously seek the solution that serves the best interests of the children.

1 Va. App. at 364, 339 S.E.2d at 201-02. Furthermore, in Scinaldi, this Court noted that there was no evidence the relationship with the noncustodial parent could not be maintained despite the move. 2 Va. App. at 575, 347 S.E.2d at 151.

In those cases, the moves were from Virginia to Florida and New York, respectively. In this instance, the proposed move was to Spain. The evidence in this case proved that both parties had played an active role in the children's lives and both were found to be good parents. Mother's proposed move would prohibit father from continuing his active role in the children's lives and would reduce his visits and contacts with the children in exchange for benefits found by the court to be speculative. See Carpenter v. Carpenter, 220 Va. 299, 302, 257 S.E.2d 845, 847-48 (1979).

The record demonstrates that the trial judge considered the evidence as it related to the children's best interests. See Code § 20-124.3. The trial judge's decree "determining questions of fact on conflicting evidence ore tenus has the weight of a jury verdict, and will be permitted to stand unless plainly wrong or without evidence to support it." Carpenter, 220 Va. at 302,

4

257 S.E.2d at 848.  The decision is supported by evidence and is not plainly wrong.

Accordingly, the trial judge's decision is summarily affirmed.

<u>Affirmed.</u>